**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1218-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANIEL DEHAVEN,

     Defendant-Appellant.

_____

> Submitted November 5, 2018 – Decided November 14, 2018
>
> Before Judges Sabatino and Haas.
>
> On appeal from Superior Court of New Jersey, Law Division, Morris County, Indictment No. 11-06-0684.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).
>
> Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Erin Smith Wisloff, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Daniel DeHaven appeals from the Law Division's August 2, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A Morris County grand jury charged defendant in thirteen counts of a fourteen-count indictment with two counts of first-degree robbery, N.J.S.A. 2C:15-1(a) (counts one and two); second-degree robbery, N.J.S.A. 2C:15-1(a)(2) (count three); third-degree theft, N.J.S.A. 2C:20-3(a) (count four); two counts of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(a) (counts five and nine); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (counts six and twelve); two counts of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (counts seven and thirteen); second-degree attempted robbery, N.J.S.A. 2C:5-1(a) and N.J.S.A. 2C:15-1(a) (count ten); third-degree attempted theft, N.J.S.A. 2C:5-1(a) and N.J.S.A. 2C:20-3(a) (count eleven); and second-degree distribution of a prescription legend drug, N.J.S.A. 2C:35-10.5(a)(4) (count fourteen).[1]

---

[1] On November 18, 2010, defendant was arrested on these charges. At that time, he was already incarcerated in the Union County jail on an unrelated charge.

On March 2, 2012, defendant pled guilty to counts two, six, ten, and fourteen.[2] Defendant's sentencing exposure on just these four charges was fifty years in prison, together with $380,000 in fines. However, in return for defendant's plea, the State agreed to recommend the imposition of an aggregate fifteen-year sentence, and the dismissal of the other charges. During the plea colloquy, defendant testified he was satisfied with the services provided by his attorney.

In accordance with the parties' agreement, the trial judge sentenced defendant to fifteen years in prison on count two, subject to the 85% parole ineligibility provisions of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, with a five-year period of parole supervision upon release; a concurrent five-year term on count six; a concurrent ten-year term, subject to NERA, with a three-year period of parole supervision on count ten; and a concurrent seven-year term on count fourteen. Therefore, defendant received an aggregate fifteen-year term as contemplated in his plea agreement.

According to defendant's pre-sentence report, at the time defendant was sentenced on May 4, 2012, he had been in the Union County jail from November

---

[2] Defendant also pled guilty to an unrelated charge set forth in a separate indictment. That charge is not the subject of this appeal.

15, 2010 through August 25, 2011, and had begun serving a State prison sentence on a Sussex County charge on May 6, 2011. Defendant's attorney discussed the issue of jail credits with the trial judge and the prosecutor at sentencing. The parties agreed that defendant should receive both jail credits and gap-time credits. In accordance with this agreement, the judge granted defendant two days of jail credit from September 15, 2010 to September 16, 2010, and 536 days of gap-time credit from November 15, 2010 to May 3, 2012.

Defendant did not file a direct appeal. In October 2016, he filed a petition for PCR. In a certification he submitted in support of the petition, defendant alleged that his trial attorney provided ineffective assistance by incorrectly advising him "that jail credits and gap[-time] credits were the same and that [he] was entitled to 536 days of credits, which would be applied to the 'back end' of [his] sentence." He also stated that his attorney "misled [him] about the credits and [he] later learned that jail credits and gap[-time] credits are not applied the same."

Significantly, defendant certified that he "d[id] not want to disturb [his] plea and proceed to trial." (emphasis added). Instead, he asked "that the 536 days that [he] was awarded [be] changed to jail credits, rather than gap[-time] credits."

By way of background, Rule 3:21-8(a) provides that a "defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of a sentence." Such credit for pre-sentence custody is commonly called "jail credits." Richardson v. Nickolopoulos, 110 N.J. 241, 242 (1988). In State v. Hernandez, 208 N.J. 24, 48 (2011), the Court confirmed that Rule 3:21-8 means "exactly what it states in plain language[.]" The Court held that a defendant is entitled to credit on the term of a custodial sentence for the pre-sentence time period spent in custody. Id. at 37. Jail credits are applied to the NERA or mandatory minimum portion of a sentence. Id. at 38-39.

Here, however, defendant had multiple charges and multiple sentencing dates. In Hernandez, the Court provided guidance on how credits should be calculated "with respect to multiple charges." Id. at 50. The Court clarified that "once the first sentence is imposed, a defendant awaiting imposition of another sentence accrues no more jail credit under Rule 3:21-8." Ibid. Rather, the defendant is only entitled to gap-time credit under N.J.S.A. 2C:44-5(b). Id. at 38. This credit is referred to as "gap-time credit" because "it awards a defendant who is given two separate sentences on two different dates credit toward the second sentence for the time spent in custody since he or she began serving the

first sentence." Ibid. Gap-time credits are only applied after the defendant has completed the NERA or mandatory minimum portion of his or her sentence.

In order to grant gap-time credit, rather than jail credit, the following three facts must be found: "'(1) the defendant has been sentenced previously to a term of imprisonment[;] (2) the defendant is sentenced subsequently to another term[;] and (3) both offenses occurred prior to the imposition of the first sentence.'" Id. at 38 (quoting State v. Franklin, 175 N.J. 456, 462 (2003)). If these three facts are established, "the sentencing court is obligated to award gap-time credits," rather than jail credits. Ibid.

With these legal principles in mind, Judge Catherine Enright determined that the sentencing court had incorrectly calculated the credits due defendant. The judge found that defendant entered the Union County jail on November 15, 2010 for an offense in that county. He was charged with the Morris County robberies involved in the indictment that is the subject of the present case on November 18, 2010, and began accumulating jail credit on that indictment on that date. On May 6, 2011, defendant was sentenced to three years in State prison on yet another charge, this one arising out of Sussex County. Therefore, defendant stopped receiving jail credits on that date. Thereafter, he was

sentenced on the Union County charge on April 27, 2012, and sentenced in the present matter in Morris County on May 4, 2012.

Accordingly, Judge Enright found that defendant was entitled to jail credits for the 169-day period between November 18, 2010, the date of his arrest on the Morris County charges, and May 5, 2011, the date he was first sentenced on any of the pending charges. She awarded defendant gap-time credits for the 364-day period between May 6, 2011 to May 3, 2012, the day before he was sentenced on the Morris County charges. Defendant's PCR attorney, who assisted the judge and the prosecutor in correcting the mistake, agreed with this calculation, and the judge ordered that an amended judgment of conviction be issued to reflect the appropriate credits.

The attorney also confirmed that defendant "d[id] not want to disturb his plea" and "d[id] not want to reopen this matter" by withdrawing his plea and going to trial. Nevertheless, defendant continued to insist that all of his time in custody should be treated as jail credits based upon his allegation that his plea attorney had told him there was no difference between jail credits and gap-time credits.

Judge Enright rejected this contention in her comprehensive written decision. The judge concluded that defendant failed to satisfy the two-prong

7

test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that the trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

With regard to the first prong, the judge found that defendant's contention that his attorney provided him with incorrect information on the credits was not supported by the record because the attorney addressed the issue with the sentencing judge in defendant's presence and sought to ensure his client received both jail credits and gap-time credits.

In addition, the judge noted that jail credits are "mandatory, not discretionary." Hernandez, 208 N.J. at 37. Where gap-time credits are applicable, a court has no discretion to award jail credits instead. Id. at 48-49. The judge further explained that "any jail and gap[-]time credits could not be negotiated as they are not discretionary in nature. Thus, [defendant] received jail and gap[-]time credits based on the trial court's calculations of same, not because of the quality of his former counsel's representation." Because defendant did not want to withdraw his plea, Judge Enright found that defendant failed to meet the second Strickland prong because he had now received all the credits due him. This appeal followed.

8                                                                   A-1218-17T4

On appeal, defendant again states that he does not wish to withdraw his plea. He also agrees that his jail and gap-time credits were accurately calculated by Judge Enright. However, he continues to assert that he "was denied effective assistance of counsel when counsel affirmatively misinformed him that jail credits and gap[-]time [credits] were applied equally to his sentence and this his plea would essentially include the application of 536 days of jail credits." We disagree.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the

defendant has presented a prima facie claim of ineffective assistance.  Preciose, 129 N.J. at 462.

We agree with Judge Enright that defendant did not satisfy either prong of the Strickland test.  We affirm substantially for the reasons set forth in her thorough written opinion.  However, we add the following comments concerning the second Strickland prong.

When ineffective assistance of counsel is alleged following a guilty plea, the defendant proves the second part of the Strickland test by showing "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."  State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).  Because defendant is unwilling to withdraw his guilty plea and proceed to trial, he is unable to meet this requirement.  This is so because a defendant's collateral attack of a guilty plea on PCR implicitly assumes a desire to accept the consequences of a successful application, i.e., a willingness to withdraw the previous guilty plea and proceed to trial.  As Justice Stevens observed in Padilla v. Kentucky, 559 U.S. 356 (2010), the decision to withdraw a guilty plea can be a weighty one:

> The nature of relief secured by a successful collateral challenge to a guilty plea – an opportunity to withdraw

the plea and proceed to trial – imposes its own significant limiting principle: Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea. Thus, a different calculus informs whether it is wise to challenge a guilty plea in a habeas proceeding because, ultimately, the challenge may result in a <u>less favorable</u> outcome for the defendant, whereas a collateral challenge to a conviction obtained after a jury trial has no similar downside potential.

[<u>Id.</u> at 372-73.]

Judge Enright ensured that defendant received all the jail and gap-time credits legally due him. He was not entitled to any more. Thus, if defendant's plea counsel had actually provided defendant with incorrect information concerning the application of credits, the only relief available to him on PCR would be the withdrawal of his guilty plea. However, defendant insists that the plea agreement remain in place. Because defendant does not want the only relief available – vacation of the plea and restoration of the charges – he can certainly not demonstrate that "but for counsel's unprofessional error[], the result of the proceeding would have been different." <u>State v. Pierre</u>, 223 N.J. 560, 583 (2015) (quoting <u>Strickland</u>, 466 U.S. at 694).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1218-17T4